BRUCE v. PATTON.

Decided May 2, 1891.

*Swamp lands—Sale by United States—Confirmatory act of 1875.*

> The title to all swamp lands, sold by the United States prior to the passage of the indemnity acts of Congress of 1855 and 1857 and undisposed of by the State at the date of its passage, were confirmed by the act of the General Assembly of December 14, 1875.

APPEAL from *Washington* Circuit Court in chancery.

J. M. PITTMAN, Judge.

C. R. Bruce instituted ejectment against W. J. Patton to recover the northeast quarter of the northeast quarter of section 17, in township 17 north, and range 29 west. His title was derived from the State, as follows: The land was selected by the Surveyor General of Arkansas as swamp land, and reported by him as such to the general land office on February 3, 1853; was approved to the State by the Secretary of the Interior August 31, 1876; was patented to the State April 19, 1877; was sold by the State to Grace Watson May 3, and patent issued May 23, 1879; was conveyed by her to Bruce, March 3, 1886.

Patton derived title from the United States as follows: David Walker purchased the land from the United States at cash entry March 15, 1853; sold it to I. C. Patton, father of defendant, December 22, 1857; on November 20, 1880, a patent from the United States was issued to Walker; I. C. Patton died, and defendant purchased the interests of all his other heirs. He filed a cross-complaint asking that the

cause be transferred to the equity docket and his title quieted.

The cause was accordingly so transferred, the complaint dismissed, and decree rendered quieting Patton's title. Bruce has appealed.

*E. P. Watson* for appellant.

This is swamp land. 33 Ark., 833; 9 Wall., 89-95 7 Otto, 345. The United States could not change its character, nor dispose of the State's rights by act of Congress. 1 Lester Land Laws, 553, 571; 4 Copp. L. L., 149. The patent to the State followed up the grant. 3 Otto, 169; 13 Wall., 72; 46 Ark., 1. The subsequent patent is void, as the United States had parted with its title. Congress could not legislate upon the title to this land after 1850. The act of 1875 only referred to such lands as had not been confirmed to the State. This act could only prove effective *after the State had received the indemnity.* 20 Ark., 100. The grant to the State was in *præsenti,* and carried the title *proprio vigore.* The State, having elected to take swamp land by field notes and plats of survey, is bound by them, as is also the United States. Sec. Int. Decisions, Oct. 4, 1855; 1 Lester Land Laws, 553, 571; 4 Copps L. L., 149; 97 U. S. (7 Otto), 345. Parol testimony to show that the land is not swamp, after confirmation, is inadmissible. The report of the Secretary of the Interior is conclusive. 3 Otto, 160; 9 Op. Atty. Gen'l, 253; 13 Wall., 72; 46 Ark., 21; 33 *id.,* 833. All selections made prior to act 1857 were confirmed to the State. 9 Wall., 89, 95; U. S. Digest, sec. 2484.

*Williams & Shinn* for appellee.

The decision of the land department is not conclusive. 121 U. S., 488. The act of 1875, p. 134, confirmed the title in Walker, and was a direct grant to persons holding lands under the United States entries. 112 U. S., 693; 6 Wall., 402; 93 U. S., 78. The patent to the State was void. 4 Wall., 210; 5 Cranch., 234; 6 Wall., 402; 101 U. S., 260; 21

Wall., 660.   Bruce was a mere trustee for Patton.   46 Ark.,
23; 44 *id.*, 452;   14 How., 377;   115 U. S., 392;   3 How., 441.
The character of the land may be shown.  ˙ 93 U. S., 169;
112 U. S., 165;  28 Fed. Rep., 708;  46 Ark., 23;  6 Cal.,
341;  33 Ark., 833.

PER CURIAM.   The United States government disposed of *Sale of swamp land by United States.* the lands in question by cash entry to Walker, the defend-
ant's vendor, after they had been selected and confirmed as
swamp lands, but prior to the passage of the acts of Con-
gress offering indemnity to the State for swamp lands sold
by the government.   No disposition had been made of the
lands by the State when the legislature passed the act of
December 14, 1875.   The effect of that act was a confirma-
tion by the State of the sale made by the United States to
Walker, and an election to look to the United States for in-
demnity for the lands.   *Chism* v. *Price, ante,* p. 251.   The
most that can be claimed for the patent issued to the State
in 1877, in pursuance of the swamp land grant, is that it
vested the legal title in the State, to be held in trust for
Walker's vendee, who had the equitable title.   *Coleman* v.
*Hill,* 44 Ark., 452.

There is no error against the appellant, and the judgment
is affirmed.